IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:17-cv-02744-MSK-NYW

LILYBETH COPE,

individually and on behalf of all others
similarly situated,

    Plaintiff,

v.

DAVITA HEALTHCARE PARTNERS, INC., and

TOTAL RENAL CARE INC.

    Defendants.

## MOTION FOR LEAVE TO FILE SUR-REPLY

Defendants, DaVita Healthcare Partners, Inc. and Total Renal Care Inc. (collectively "Defendants"), by and through their undersigned counsel, file this Motion for Leave to File Sur-Reply to Plaintiffs' Motion for Order to Grant Judicial Notice and Tolling of Statute of Limitations [Dkt. 46], which seeks conditional certification of an FLSA collective action.  Defendants were afforded the opportunity to depose Plaintiffs in December 2018, and now seek leave to file a Sur-Reply based on the testimony obtained during these depositions which directly contradicts the sworn statements from plaintiffs' declarations submitted in the briefing of this motion.

1.    Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned has conferred with Plaintiffs' counsel regarding this Motion.  Plaintiffs oppose the relief requested herein.

2. Plaintiffs filed a Motion for Order to Grant Judicial Notice and Tolling of Statute of Limitation or in the alternative to stay Defendants' deadline to respond to the Motion for Conditional Certification on June 21, 2018. (Dkt. 46).

3. In their Motion, Plaintiffs seek, amongst other things, to have the Court approve their Notice and Consent-to-Join form, and for the statute of limitations under the Fair Labor Standards Act to be tolled for opt-in Plaintiffs. *Id.*

4. In support of Plaintiffs' Motion, attached as exhibits were declarations from class representative Lilybeth Cope and opt-in Plaintiff, Jannie Deptowicz-Bituin. (Dkt. 46-C).

5. Plaintiffs' entire Motion to this Court rests on the substance of these self-serving declarations.

6. Over the course of briefing related to Plaintiffs' Motion, Defendants did not have an opportunity to depose Ms. Cope or Ms. Deptowicz-Bituin. Though Defendants first requested to take both depositions in July 2018, Plaintiffs and their counsel failed and/or refused to provide dates for months until November 2018 with their depositions were finally scheduled to occur in December 2018.

7. Now, months after Defendants responded to Plaintiffs' Motion (July 23, 2018) and Plaintiffs' filed their reply brief (August 6, 2018), Defendants were finally afforded an opportunity to depose both Plaintiffs-declarants.

8. Defendants seek leave to file a Sur-Reply based on the testimony obtained during depositions, which, most importantly, directly contradicts the sworn statements from each declaration.

9. By way of example, during Ms. Cope's deposition, she contradicted the statements in her declaration as follows:

2

    a. The declaration provides that employees were "dissuaded" from reporting overtime because of the possibility of disciplinary action (Cope Declaration ¶ 8) yet Ms. Cope testified in her deposition that she has no factual basis for this statement. **Ex A Deposition of Cope**, 183:6-8, 9-13.

    b. The declaration provides that the hours allocated versus the work expected is set by corporate DaVita (Cope Declaration ¶ 10), yet she admitted in her deposition that she has no basis for this statement and does not know who sets this allocation for other clinics or where other clinics get their allocations, Ex A Deposition of Cope, 188:7-25, 189:1 -13.

    c. The declaration provides that Ms. Cope knew when other employees worked off the clock and specifically watched employees clock out and then complete paperwork (Cope Declaration ¶ 15), yet in her deposition she admits that she has no knowledge of other employees working off the clock and that she *never* witnessed employees clocking out and later finishing paperwork, Ex A Deposition of Cope, 195:7 - 14, 196:1 - 25.

10. Ms. Cope acknowledged that she also did not have an opportunity to make changes to the declaration before it was signed, Ex A Deposition of Cope, 169:6-9.

11. During Ms. Deptowicz-Bituin's deposition, she contradicted the statements in her declaration as follows:

    a. The declaration provides that Ms. Deptowicz-Bituin was dissuaded from working overtime because of possible disciplinary action (Deptowicz-Bituin Declaration ¶ 8) but admitted in her deposition that she was never told to work off the clock; **Ex B Deposition of Deptowicz-Bituin**, 178:24-179:6; and did not know of any employee who was dissuaded from reporting overtime because they were concerned with getting disciplined or terminated, Ex B Deposition of Deptowicz-Bituin, 187:2-14.

    b. The declaration provides that Ms. Deptowicz-Bituin worked off the clock for three hours after her shift because she could not accomplish all her job duties within the allotted time (Deptowicz-Bituin Declaration ¶ 12) but then admitted that those hours were authorized by her supervisor and recorded on her time cards, Ex B Deposition of Deptowicz-Bituin, 196:16-25.

    c. Additionally, the declaration provides that Ms. Deptowicz-Bituin was unable to accomplish the work expected per shift, and that she was *often* required to work off the clock (Deptowicz-Bituin Declaration ¶ 11) but admitted during her deposition that there were only two or three instances

3

        were she did not record time worked, Ex B Deposition of Deptowicz-Bituin, 179:24-180:7; 181:10-182:14.

12. Notably, both Plaintiff-declarants also admitted that they have no knowledge or information regarding the policies and/or practices at other clinics and in other regions, despite the allegation that they and putative collective members were all subject to a uniform, nationwide practice that deprived them of overtime. (Ex A Deposition of Cope, 188:2- -25, 189:1-6, 199:15 – 24, 201:7 -9, 18 – 20, 228:6-24; Ex B Deposition of Deptowicz-Bituin, 165:24-166:9).

13. Based on the testimony, it is abundantly clear that, contrary to the prior assertions in Plaintiffs' Motion and Brief, the Plaintiffs only have personal knowledge about their respective clinics and that their experiences are not reflective of a national practice denying overtime compensation. (Ex A Deposition of Cope, 102:4 – 8, 23 – 103:1 -10, 189:1-6, 228:6-24; Ex B Deposition of Deptowicz-Bituin, 165:24-166:18; 170:12-21. 172:7-173:1). In fact, the only evidence of a uniform and region-wide policy are these declarations—which are clearly unreliable based on *their own* deposition testimony.

14. Accordingly, this Court must grant Defendants' Motion and afford it leave to file a Sur-Reply to address these inaccuracies to oppose Plaintiffs' Motion and further demonstrate that conditional certification is improper in this case.

WHEREFORE, Defendants respectfully request that the Court grant this Motion, and enter an Order permitting them to file a sur-reply to Plaintiffs' Motion for Order to Grant Judicial Notice and Tolling of Statute of Limitations [Dkt. 46].

Respectfully submitted this 4th day of January, 2019.

           JACKSON LEWIS P.C.

           *s/ Veronica von Grabow*
           Veronica von Grabow
           Melisa H. Panagakos
           950 17th Street, Suite 2600
           Denver, Colorado 80202
           Telephone: (303) 892-0404
           Facsimile: (303) 892-5575
           Veronica.vonGrabow@jacksonlewis.com
           Melisa.Panagakos@jacksonlewis.com

           Dorothy D. McDermott
           211 N. Pennsylvania Street, Suite 1700
           Indianapolis, IN 46204
           Telephone: (317) 489-6930
           Facsimile: (317) 489-6931
           Dorothy.McDermott@jacksonlewis.com

           Stephanie L. Adler-Paindiris
           Amanda A. Simpson
           390 N. Orange Avenue, Suite 1285
           Orlando, FL 32801
           Telephone: (407) 246-8440
           Facsimile: (407) 246-8441
           Stephanie.Adler-Paindiris@jacksonlewis.com
           Amanda.Simpson@jacksonlewis.com

           Eric R. Magnus
           1155 Peachtree Street N.E.
           Suite 1000
           Atlanta, GA 30309
           Telephone: (404) 525-8200
           Facsimile: (404) 525-1173
           MagnusE@jacksonlewis.com

           *ATTORNEYS FOR DEFENDANTS*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 4th day of January, 2019, a true and correct copy of the foregoing **MOTION TO FILE SUR-REPLY** was served via CM/ECF on the following:

RAMOS LAW

Colleen T. Calandra
Rebekah Stern
3000 Youngfield Street
Wheat Ridge, CO 80215
colleen@ramoslaw.com
rebekah@ramoslaw.com

WILCOX LAW FIRM, LLC

Ronald L. Wilcox
383 Corona Street, #401
Denver, CO 80218
ron@wilcox.legal

*ATTORNEYS FOR PLAINTIFF*

                              *s/ Valerie A. Martinez*
                              for Jackson Lewis P.C.