# EXHIBIT 7

# CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement") is made by and between plaintiffs Melynda Singh, Narcisso Santor, Anna Sibal, Jay Sinson, and Robert Tajanlangit ("Plaintiffs") and defendants Total Renal Care, Inc., DVA Renal Healthcare, Inc., RTC-California, Continental Dialysis, Inc., DaVita NephMed of CA, Kidney Care RX, Inc., Knickerbocker Dialysis, Inc., Phys Dialysis Acquisitions, Renal Life Link, Inc., RMS LifeLink, Inc., RTC-Illinois, RTC-MidAtlantic, RTC-Southeast, RTC-West, Village Health DM, LLC, GDC Resources, LLC, and Patient Pathways ("Defendants"). Plaintiffs and Defendants collectively are referred to in this Agreement as the "Parties."

## I. DEFINITIONS

In addition to other terms defined in this Agreement, the terms below have the following meaning in this Agreement:

A. "Action" means the complaint that was filed in California state court and any amendments thereto, which is currently captioned *Singh, et al. v. Total Renal Care, Inc.*, Case No. CGC 16-550847 pending in Superior Court of the State of California, County of San Francisco.

B. "Class" means all individuals who are or previously were employed by one or more of the Defendants in California at any time during the Class Period and who were classified as non-exempt.

C. "Class Counsel" means Norman B. Blumenthal, Kyle R. Nordrehaug, and Aparajit Bhowmik of Blumenthal Nordrehaug Bhowmik De Blouw LLP.

D. "Class Counsel Fees Payment" and "Class Counsel Litigation Expenses Payment" mean the amounts to be paid to Class Counsel as approved by the Court to compensate them for, respectively, their legal work in connection with the Action, including their pre-filing investigation, their filing of the Action, all related litigation activities, all Settlement work, all post-Settlement compliance procedures, and related litigation expenses billed in connection with the Action.

E. "Class Data" means, for each Class Member, his or her name; last-known mailing address; Social Security number; his or her employee identification number; his or her dates of employment; and his or her number of workweeks worked during the Class Period as a Class Member.

F. "Class Member" is a member of the Class.

G. "Class Notice" means the Notice of Proposed Settlement of Class Action and Hearing Date for Final Court Approval substantively in the form attached hereto as <u>Exhibit A</u> to this Agreement and incorporated by reference into this Agreement.

H. "Class Notice Packet" means the Class Notice to be provided to the Class Members by the Settlement Administrator in the form set forth as <u>Exhibit A</u> to this Agreement

1

(other than formatting changes to facilitate printing by the Settlement Administrator).

I.    "Class Period" means the period of time from March 8, 2012 through the earlier of the date of the order approving Plaintiffs' Motion for Preliminary Approval of Class Action Settlement or May 6, 2019.

J.    "Class Representative Service Payments" means the service payments made to Plaintiffs in their capacity as Class Representatives in order to compensate each of them for initiating the Action, performing work in support of the Action, undertaking the risk of liability for Defendants' expenses in the event they were unsuccessful in the prosecution of the Action, and for the general release of all claims by the Plaintiffs as set forth herein.

K.    "Court" means the Superior Court of California, County of San Francisco.

L.    "Defendants' Counsel" means Evan R. Moses and Aaron H. Cole of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

M.    "Effective Date" means the date by which all of the following have occurred:

    1.    This Agreement is approved by the Court; and

    2.    The Judgment becomes Final as defined in Section I(O) of this Agreement.

N.    "Election Not to Participate in Settlement" means the written request by a Class Member to exclude himself or herself from the Settlement submitted in accordance with the instructions in the Class Notice.

O.    "Final" means the last of the following dates, as applicable:

    1.    If no objection to the Settlement is made, the date the Judgment is entered.

    2.    If an objection to the Settlement is made and Judgment is entered, but no appeal is filed, the last date on which a notice of appeal from the Judgment may be filed and none is filed.

    3.    If Judgment is entered and a timely appeal from the Judgment is filed, the date the Judgment is affirmed and is no longer subject to appeal.

P.    "Final Approval Hearing" means the hearing to be conducted by the Court to determine whether to approve finally and implement the terms of this Agreement and enter the Judgment.

Q.    "Gross Settlement Amount" means Eight Million Dollars ($8,000,000) to be paid by Defendants as provided by this Agreement. This amount is an all-in amount without any reversion to Defendants and shall be inclusive of all payments of Settlement Shares to the Class Members, Settlement Administration Expenses, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, Class Representative Service Payments and the PAGA Payment contemplated in the

Settlement in this Agreement, but excluding any employer payroll taxes, if any, due on the portion of the Settlement Shares allocated to wages which shall not be paid from the Gross Settlement and shall be the separate additional obligation of Defendants.

R.     "Judgment" means the Final Approval Order and Judgment entered by the Court substantially in the form attached hereto as <u>Exhibit C</u> to this Agreement and incorporated by reference into this Agreement.

S.     "Net Settlement Amount" means the Gross Settlement Amount less the Court-approved amounts for the Class Representative Service Payments, the Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, the LWDA Payment, and the Settlement Administration Expenses.

T.     "Non-Participating Class Member" means a Class Member who submits a valid and timely Election Not to Participate in Settlement.

U.     "Participating Class Member" means a Class Member who does not submit a valid and timely Election Not to Participate in Settlement.

V.     "Preliminary Approval of the Settlement" means the Court's Order Granting Preliminary Approval of the Settlement substantially in the form attached hereto as <u>Exhibit B</u> to this Agreement and incorporated by this reference herein.

W.     "Released Parties" means defendants Total Renal Care, Inc., DVA Renal Healthcare, Inc., DaVita Inc., DVA Renal Healthcare, Inc., RTC-California, Continental Dialysis, Inc., DaVita NephMed of CA, Kidney Care RX, Inc., Knickerbocker Dialysis, Inc., Phys Dialysis Acquisition, Renal Life Link Inc., RMS LifeLink, Inc., RTC-Illinois, RTC-MidAtlantic, RTC-Southeast, RTC-West, Village Health DM, LLC, GDC Resources, LLC, and Patient Pathways, together with their past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint ventures.

X.     "Settlement" means the disposition of the Action and all related claims effectuated by this Agreement.

Y.     "Settlement Administrator" means the administrator proposed by the Parties and appointed by the Court to administer the Settlement. The determination of the Settlement Administrator will be by a not=to-exceed bid and shall be agreed to by all counsel.

Z.     "Settlement Shares" means each Participating Class Member's share of the Net Settlement Amount as provided by this Agreement.

## II. RECITALS

A. On March 8, 2016, Plaintiffs filed a Complaint against defendant Total Renal Care, Inc. in the Superior Court of the State of California, County of San Francisco. Plaintiffs asserted claims that defendant Total Renal Care, Inc.:

1. Violated California Business and Professions Code § 17200 *et seq.*;

2. Failed to pay overtime wages in violation of California Labor Code § 510, *et seq.*;

3. Failed to provide accurate itemized wage statements in violation of California Labor Code § 226;

4. Failed to provide wages when due in violation of California Labor Code §§ 201, 202 and 203;

5. Wrongfully terminated plaintiff Melynda Singh in violation of public policy; and,

6. Violated California Labor Code § 1102.5(c) with respect to plaintiff Melynda Singh.

B. On May 9, 2016, defendant Total Renal Care, Inc. filed an Answer to Plaintiff's complaint generally denying all claims and asserting 25 affirmative defenses.

C. On June 29, 2016, Plaintiffs filed a First Amended Complaint adding a claim under the Private Attorney General Act, Cal. Labor Code §§ 2689 *et seq.* ("PAGA").

D. On August 10, 2016, defendant Total Renal Care, Inc. filed an Answer to Plaintiff's First Amended Complaint generally denying all claims and asserting 27 affirmative defenses.

E. On August 30, 2017, the Parties participated in an all-day mediation presided over by Louis Marlin, Esq., a respected mediator of wage and hour class actions. During the mediation, each side, represented by its respective counsel, were unable to agree to a settlement.

F. On January 4, 2018, Plaintiffs filed an Amendment to Complaint Naming Doe 1 and designated Doe 1 as DVA Renal Healthcare, Inc.

G. On February 8, 2018, defendants Total Renal Care, Inc. and DVA Renal Healthcare, Inc. filed an Answer to Plaintiffs' Amendment to Complaint generally denying all claims and asserting 27 affirmative defenses.

H. On or around April 5, 2018, defendant DVA Renal Healthcare, Inc. filed an Answer to Plaintiffs' First Amended Complaint generally denying all claims and asserting 27 affirmative defenses.

4

I.      On May 3, 2018, Plaintiffs filed a Second Amended Complaint including as defendants Total Renal Care, Inc. and DVA Renal Healthcare, Inc.

J.      On June 7, 2018, defendants Total Renal Care, Inc. and DVA Renal Healthcare, Inc. filed an Answer to Plaintiffs' Second Amended Complaint generally denying all claims and asserting 31 affirmative defenses.

K.      On January 22, 2019, the Parties participated in a second all-day mediation presided over by Louis Marlin, Esq. During the mediation, each side, represented by its respective counsel, reached an agreement to settle the Action based on a mediator's proposal, the basic terms of which were then memorialized in the form of a Memorandum of Understanding. This Agreement replaces and supersedes the Memorandum of Understanding and any other agreements, understandings, or representations between the Parties.

L.      As part of the Settlement, the Parties have agreed to stipulate to the filing of Doe amendments to the Second Amended Complaint adding as Doe defendants DaVita Inc., RTC-California, Continental Dialysis, Inc., DaVita NephMed of CA, Kidney Care RX, Inc., Knickerbocker Dialysis, Inc., Phys Dialysis Acquisitions, Renal Life Link, Inc., RMS LifeLink, Inc., RTC-Illinois, RTC-MidAtlantic, RTC-Southeast, RTC-West, Village Health DM, LLC, GDC Resources, LLC, and Patient Pathways before moving for preliminary approval of this Settlement.

M.      This Agreement represents a compromise and settlement of highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission by Defendants that the claims in the Action of Plaintiffs or the Class have merit or that Defendants bear any liability to Plaintiffs or the Class on those claims or any other claims, or as an admission by Plaintiffs that Defendants' defenses in the Action have merit. The Parties agree to certification of the Class for purposes of this Settlement only. If for any reason the settlement does not become effective, Defendants reserve the right to contest certification of any class for any reason and reserve all available defenses to the claims in the Action.

Based on these Recitals that are a part of this Agreement, the Parties agree as follows:

## III.    SETTLEMENT TERMS AND CONDITIONS

A.    **Gross Settlement Amount.** Subject to the terms and conditions of this Agreement, the Gross Settlement Amount that Defendants will pay under this Settlement is Eight Million Dollars ($8,000,000). This amount is all-inclusive of all payments contemplated in this resolution, excluding any employer-side payroll taxes on the portion of the Settlement Shares allocated to wages which shall be separately paid by Defendants to the Settlement Administrator. All of the Gross Settlement Amount will be disbursed pursuant to this Agreement without the need to submit a claim form and none of the Gross Settlement Amount will revert to Defendants.

B.    **Payments from the Gross Settlement Amount.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will make the following payments out of the Gross Settlement Amount:

1.     **To Plaintiffs:** In addition to the Settlement Shares, Plaintiffs will apply to the Court for an award of not more than $15,000 as a Class Representative Service Payment to plaintiff Melynda Singh and awards of not more than $10,000 each as Class Representative Service Payments to plaintiffs Narcisso Santor, Anna Sibal, Jay Sinson and Robert Tajanlangit. Defendants will not oppose Class Representative Service Payments of not more than $15,000 as a Class Representative Service Payment to plaintiff Melynda Singh and awards of not more than $10,000 each as Class Representative Service Payments to plaintiffs Narcisso Santor, Anna Sibal, Jay Sinson and Robert Tajanlangit. The Settlement Administrator will pay the Class Representative Service Payments approved by the Court out of the Gross Settlement Amount. If the Court approves Class Representative Service Payments for less than the amounts set forth above to each of the Plaintiffs, the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members. Payroll tax withholding and deductions will not be taken from the Class Representative Service Payments and instead a Form 1099 will be issued to the Plaintiffs with respect to the payment. To receive the payment, the Plaintiffs agree to a 1542 waiver and a general release of all claims as set forth herein below.

2.     **To Class Counsel:** Class Counsel will apply to the Court for an award of not more than $2,666,666 (one-third of the Gross Settlement Amount) as their Class Counsel Fees Payment and an amount not more than $35,000 for all expenses incurred as documented in Class Counsel's billing records as their Class Counsel Litigation Expenses Payment. Defendants will not oppose their request for a Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment consistent with this Agreement and approved by the Court. The Settlement Administrator will pay the amounts approved by the Court (but not more than $2,666,666 and $35,000, respectively) out of the Gross Settlement Amount. If the Court approves a Class Counsel Fees Payment or a Class Counsel Litigation Expenses Payment of less than $2,666,666 or $35,000, respectively, the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members. Payroll tax withholding and deductions, if any, will not be taken from the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment and instead one or more Forms 1099 will be issued to Class Counsel with respect to those payments. The payment of Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment shall be made to Blumenthal, Nordrehaug Bhowmik De Blouw LLP.

3.     **To LWDA.** The Parties will seek approval from the Court for the PAGA Payment of $100,000 out of the Gross Settlement Amount, which shall be allocated $75,000 to the LWDA (the "LWDA Payment") as the LWDA's share of the settlement of civil penalties paid under this Agreement pursuant to the PAGA and $25,000 to the Net Settlement Amount for distribution to the Participating Class Members. If the Court approves a PAGA Payment of less than $100,000, the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members.

4. **To the Settlement Administrator.** The Settlement Administrator will pay out of the Gross Settlement Amount to itself its reasonable fees and expenses that are documented and approved by the Court in an amount not to exceed $82,000 ("Settlement Administration Expenses"). To the extent the Settlement Administration Expenses that are documented and approved by the Court are less than $82,000, the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members.

C. **Payments From the Net Settlement Amount.** The Net Settlement Amount shall include the following payments after the deductions have been made from the Gross Settlement Amount as described in this Agreement. The Net Settlement Amount shall include the following:

1. **Settlement Share.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will pay a Settlement Share from the Net Settlement Amount to each Participating Class Member. The submission of a claim form is not required to be paid.

2. **Calculation**. The Settlement Share for each Participating Class Member will be calculated by (a) dividing the Net Settlement Amount by the total number of workweeks worked for all Participating Class Members that occurred during the Class Period and (b) multiplying the result by each individual Participating Class Member's workweeks worked that occurred during the Class Period.

3. **Withholding**.

   a. One-Third of each Participating Class Member's Settlement Share is in settlement of wage claims (the "Wage Portion"). Accordingly, the Wage Portion is subject to wage withholdings, and shall be reported on IRS Form W-2 and shall be paid for from the Gross Settlement Amount.

   b. One-Third of each Participating Class Member's Settlement Share is in settlement of claims for interest and One-Third of each Participating Class Member's Settlement Share is in settlement of claims for penalties allegedly due to employees (collectively the "Non-Wage Portion"). The Non-Wage Portion shall not be subject to wage withholdings, and shall be reported on IRS Form 1099.

4. **Effect of Non-Participating Class Members.** Non-Participating Class Members will receive no Settlement Share, and their Election Not to Participate in Settlement will reduce neither the Gross Settlement Amount nor the Net Settlement Amount. Their respective Settlement Shares will remain a part of the Net Settlement Amount for distribution to Participating Class Members on a *pro rata* basis relative to their Settlement Shares.

5. **Class Size Modification.** Defendants have represented that the Class Members collectively worked approximately 3,118,818 workweeks during

the time period of March 8, 2012 through February 1, 2019. In regard hereto, Defendants will provide a declaration under oath prior to the filing of the motion for preliminary approval as to the number of Class Members and workweeks for the Class Period. The Gross Settlement Amount will increase proportionally with added workweeks if the number of workweeks is more than 10% of the estimated 3,118,818 workweeks.

D. **Appointment of Settlement Administrator.** After obtaining a not-to-exceed quote from mutually acceptable and qualified settlement administrators, the Parties have mutually agreed to ask the Court to appoint KCC Class Action Services as the qualified administrator, to serve as the Settlement Administrator, which, as a condition of appointment, will agree to be bound by this Agreement with respect to the performance of its duties and its compensation. The Settlement Administrator's duties will include preparing, printing, and mailing the Class Notice Packet to all Class Members; conducting a National Change of Address search to update Class Member addresses before mailing the Class Notice Packets; re-mailing Class Notice Packets that are returned to the Class Member's new address; setting up a toll-free telephone number to receive calls from Class Members; receiving and reviewing for validity completed Elections Not to Participate in Settlement; providing the Parties with weekly status reports about the delivery of Class Notice Packets and receipt of completed Elections Not to Participate in Settlement; calculating Settlement Shares; issuing the checks to effectuate the payments due under the Settlement; issuing the tax reports required under this Settlement; and otherwise administering the Settlement pursuant to this Agreement. The Settlement Administrator will have the authority to resolve all disputes concerning the calculation of a Participating Class Member's Settlement Share, subject to the dollar limitations and calculations set forth in this Agreement. The Settlement Administration Expenses, including the cost of printing and mailing the Class Notice Packet, will be paid out of the Gross Settlement Amount.

The Settlement Administrator shall establish a settlement fund that meets the requirements of a Qualified Settlement Fund ("QSF") under US Treasury Regulation section 468B-1. The Settlement Administrator shall obtain a Employer Identification Number under Internal Revenue Service Form W-9 for the QSF and shall use that Employer Identification Number in calculating payroll withholdings for taxes and shall transmit the required employers' and employees' share of the withholdings to the appropriate state and federal tax authorities.

E. **Procedure for Approving Settlement**.

    1. **Motion for Preliminary Approval of Settlement by the Court**.

        a. After Execution of this Settlement Agreement, Plaintiffs will file a Preliminary Approval Motion with the Court for an order giving Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the Class Notice (the "Motion for Preliminary Approval"). Any disagreement among the Parties concerning the Class Notice, the proposed orders, or other

documents necessary to implement the Settlement will be referred to the mediator for resolution.

b. At the hearing on the Motion for Preliminary Approval, the Parties will jointly appear, support the granting of the motion, and submit an Order Granting Preliminary Approval of the Settlement substantially in the form evidenced by <u>Exhibit B</u> to this Agreement and incorporated by reference into this Agreement.

c. Should the Court decline to preliminarily approve material aspects of the Settlement (including but not limited to the scope of release to be granted by Participating Class Members or the binding effect of the Settlement on Participating Class Members), the Parties shall work together in good faith to address any concerns raised by the Court and propose a revised Settlement for the Court's approval.

2. **Notice to Class Members.** After the Court enters an Order Granting Preliminary Approval of the Settlement, every Class Member will be sent the Class Notice Packet (which will include the Class Notice completed to reflect the Order Granting Preliminary Approval of the Settlement and showing the Class Member's Settlement Share) as follows:

a. No later than 14 days after the Court enters an Order Granting Preliminary Approval of the Settlement, Defendants will provide to the Settlement Administrator an electronic database containing each Class Member's Class Data. If any or all of the Class Data is unavailable to Defendants, Defendants will so inform Class Counsel and the Parties will make their best efforts to reconstruct or otherwise agree upon the Class Data prior to when it must be submitted to the Settlement Administrator. This information will otherwise remain confidential and will not be disclosed to anyone, except as required to applicable taxing authorities, in order to carry out the reasonable efforts described in section III.E.2.c., or pursuant to Defendants' express written authorization or by order of the Court. All Class Data will be used for settlement notification and settlement administration, and shall not be used for any other purpose by Class Counsel.

b. Using best efforts to mail it as soon as possible, and in no event later than 14 days after receiving the Class Data, the Settlement Administrator will mail the Class Notice Packets to all Class Members via first-class regular U.S. Mail using the mailing address information provided by Defendants, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement.

c. If a Class Notice Packet is returned because of an incorrect address, the Settlement Administrator will promptly, and not longer than ten (10) days from receipt of the returned packet, search for a more

current address for the Class Member and re-mail the Class Notice Packet to the Class Member.  The Settlement Administrator will use the Class Data and otherwise work with Defendants to find that more current address.  The Settlement Administrator will be responsible for taking reasonable steps, consistent with its agreed-upon job parameters, Court orders, and fee, as agreed to with Class Counsel and according to the following deadlines, to trace the mailing address of any Class Member for whom a Class Notice Packet is returned by the U.S. Postal Service as undeliverable.  These reasonable steps shall include, at a minimum, the tracking of all undelivered mail; performing address searches for all mail returned without a forwarding address; and promptly re-mailing to Class Members for whom new addresses are found.  If the Class Notice Packet is re-mailed, the Settlement Administrator will note for its own records and notify Class Counsel and Defendants' Counsel of the date and address of each such re-mailing as part of a weekly status report provided to the Parties.

d.      As part of its weekly status report, the Settlement Administrator will inform Class Counsel and Defendants' Counsel of the number of Elections Not to Participate in Settlement it receives (including the numbers of valid and deficient), and number of objections received.

e.      Not later than 10 days before the date by which the Plaintiffs file the motion for final approval of the Settlement, the Settlement Administrator will provide the Parties for filing with the Court a declaration of due diligence setting forth its compliance with its obligations under this Agreement and detailing the Elections Not to Participate in Settlement it received (including the numbers of valid and deficient Elections) and objections received.  Prior to the Final Approval Hearing, the Settlement Administrator will supplement its declaration of due diligence if any material changes occur from the date of the filing of its prior declaration.

3.      **Objections to Settlement; Disputes as to Workweeks allocated to Class Members; Objections to Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment; Elections Not to Participate in Settlement.**  Participating Class Members may submit objections to the Settlement and objections to Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment.  Class Member may also submit disputes as to workweeks allocated to them and Elections Not to Participate in Settlement pursuant to the following procedures:

a.      **Objections to Settlement and Disputes as to Workweeks.**  The Class Notice will provide that only Participating Class Members who wish to object to the Settlement must submit to the Settlement Administrator with copies to the Parties' Counsel, not later than 45 days after the Settlement Administrator mails the Class Notice

10

Packets, written objections to the Settlement setting forth the grounds for the objection. Alternatively, the Participating Class member may appear at the Final Approval Hearing to orally object. A Participating Class Member who does not submit a written objection in the manner and by the deadline specified above will be deemed to have waived any objection and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. Non-Participating Class Members shall have no ability to comment on or object to the Settlement.

Each Class Member shall also have 45 days from the date of mailing the Class Notice Packet in which to dispute the number of workweeks the Class Notice allocates to them during the Class Period. Any dispute as to this allocation shall be resolved by the Settlement Administrator. Any Notice of Dispute shall be directed to the Settlement Administrator.

b.  **Objections to Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment.**  Unless otherwise ordered by the Court, Class Counsel shall file their application for the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment no later than the date the motion for final approval is to be filed, and the application will be scheduled to be heard by the Court at the Final Approval Hearing. The Class Notice will provide that Participating Class Members who wish to object to the Class Counsel Fees Payment and/or Class Counsel Litigation Expenses Payment must submit to the Settlement Administrator with copies to Parties Counsel not later than 45 days after the Settlement Administrator mails the Class Notice Packets, written objection to the fees and costs setting forth the grounds for the objection. Alternatively, the Participating Class member may appear at the Final Approval Hearing to orally object. A Participating Class Member who does not submit a written statement of objection in the manner and by the deadline specified above will be deemed to have waived any objections and will be foreclosed from making any objections (whether by appeal or otherwise) to the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment. Non-Participating Class Members shall have no ability to object to Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment.

c.  **Election Not to Participate in Settlement.**  The Class Notice also will provide that Class Members who wish to exclude themselves from the Settlement must mail to the Settlement Administrator not later than 45 days after the Settlement Administrator mails the Class Notice Packets, a signed Election Not to Participate in Settlement. To be valid, an Election Not to Participate must be timely and must comply with the instructions in the Class Notice. If a question is

raised about the authenticity of a signed Election Not to Participate in Settlement, the Settlement Administrator will have the right to demand additional proof of the Class Member's identity. A Non-Participating Class Member will not participate in or be bound by the Settlement and the Judgment. Defendants will remain free to contest any claim brought by the Class Member that would have been barred by this Agreement, and nothing in this Agreement will constitute or be construed as a waiver of any defense Defendants have or could assert against such a claim. A Class Member who does not complete and mail a timely Election Not to Participate in Settlement in the manner and by the deadline specified above will automatically become a Participating Class Member and be bound by all terms and conditions of the Settlement, including the Released Class Claims by the Class, if the Settlement is approved by the Court, and by the Judgment, regardless of whether he or she has objected to the Settlement. Persons who submit an Election Not to Participate in Settlement shall not be permitted to file objections to the Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement.

All Participating Class Members who do not submit a valid and timely Election Not to Participate in Settlement will receive a Settlement Share, without the need to file a claim form, and will be bound by all of the terms of the Settlement, including without limitation, the release of the Released Class Claims by the Participating Class Members set forth in this Agreement.

d. **Report.** Not later than 10 days after the deadline for submission of Elections Not to Participate in Settlement, the Settlement Administration will provide the Parties with a complete and accurate list of all Participating Class Members and all Non-Participating Class Members.

4. **Right of Defendants to Reject Settlement.** If more than ten percent (10%) of the Class Members timely submit valid Elections Not to Participate in Settlement, Defendants will have the right, but not the obligation, to void the Settlement and the Parties will have no further obligations under the Settlement, including any obligation by Defendants to pay the Gross Settlement Amount, or any amounts that otherwise would have been owed under this Agreement, except that Defendants will pay the Settlement Administration Expenses incurred as of the date that Defendants exercise the right to void the Settlement. Defendants will notify Class Counsel and the Court whether it is exercising this right to void not later than seven (7) days after the Settlement Administrator notifies the Parties of the number of valid Elections Not to Participate in Settlement it has received.

5. **No Solicitation.** The Parties and their counsel represent that neither the Parties nor their respective counsel have or will solicit or otherwise

12

encourage directly or indirectly any Class Member to object to the Settlement, appeal from the Judgment, or elect not to participate in the Settlement. If a Class Member submits an Election Not to Participate in Settlement, Class Counsel will not solicit, represent, or otherwise encourage that Non-Participating Class Member to participate in separate litigation against Defendants.

6.      **Additional Briefing and Final Approval**.

a.      Class Counsel will file with the Court their motion for the Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment and Class Representative Service Payments no later than the date the Plaintiffs file the Motion for Final Approval, and the application will be scheduled to be heard by the Court at the Final Approval Hearing.

b.      Not later than 16 court days before the Final Approval Hearing, the Plaintiffs will file with the Court a motion for final approval of the Settlement, the PAGA Payment, and payment of the Settlement Administration Expenses.

c.      If any opposition is filed, then not later than 5 court days before the Final Approval Hearing, both Parties may file a reply in support of the motion for final approval of the Settlement, the PAGA Payment, and payment of the Settlement Administration Expenses; and Plaintiffs and Class Counsel may also file a reply in support of their motions for the Class Representative Service Payments, the Class Counsel Fees Payment, and the Class Counsel Litigation Expenses Payment.

d.      If the Court does not grant final approval of the Settlement or grants final approval conditioned on any material change to the Settlement (including, but not limited to, the scope of release to be granted by Participating Class Members), then the Parties shall work together in good faith to address any concerns raised by the Court and propose a revised Settlement for the Court's approval. However, an award by the Court of a lesser amount than that sought by Plaintiffs and Class Counsel for the PAGA Payment, Class Representative Service Payments, the Class Counsel Fees Payment, or the Class Counsel Litigation Expenses Payment, will not constitute a material modification to the Settlement within the meaning of this paragraph.

e.      Upon final approval of the Settlement by the Court at or after the Final Approval Hearing, the Parties will present for the Court's approval and entry the Judgment substantially in the form attached hereto as <u>Exhibit C</u>. After entry of the Judgment, the Court will have continuing jurisdiction over the Action and the Settlement solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement

administration matters, and (iii) addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

7. **Waiver of Right to Appeal.** Provided that the Judgment is consistent with the terms and conditions of this Agreement, Plaintiffs and Participating Class Members who did not timely submit an objection to the Settlement, Defendants, and their respective counsel hereby waive any and all rights to appeal from the Judgment, including all rights to any post-judgment proceeding and appellate proceeding, such as, but not limited to, a motion to vacate judgment, a motion for new trial, and any extraordinary writ. The Judgment therefore will become nonappealable at the time it is entered. The waiver of appeal does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings. If an appeal is taken from the Judgment, the time for consummation of the Settlement (including making payments under the Settlement) will be suspended until such time as the appeal is finally resolved and the Judgment becomes Final.

8. **Vacating, Reversal, or Material Modification of Judgment on Appeal or Review.** If, after a notice of appeal, a petition for review, or a petition for *certiorari*, or any other motion, petition, or application, the reviewing Court vacates, reverses, or modifies the Judgment such that there is a material modification to the Settlement (including, but not limited to, the scope of release to be granted by Participating Class Members), and that Court's decision is not completely reversed and the Judgment is not fully affirmed on review by a higher Court, then the Parties shall work together in good faith to address any concerns raised by the reviewing Court and propose a revised Settlement for the approval of the Court not later than fourteen days after the reviewing Court's decision vacating, reversing, or materially modifying the Judgment becomes Final. A vacation, reversal, or modification of the Court's award of the Class Representative Service Payments or the Class Counsel Fees Payment or Class Counsel Litigation Expenses Payment will not constitute a vacation, reversal, or material modification of the Judgment within the meaning of this paragraph, provided that Defendants' obligation to make payments under this Settlement will remain limited by the Gross Settlement Amount.

9. **Timing of Provision of Settlement Shares and Other Payments.** Defendants will fund the Gross Settlement Amount by depositing the money with the QSF established by the Settlement Administrator. Defendants shall fund the Gross Settlement Amount and the amount necessary to pay Defendants' share of payroll taxes within fifteen (15) days of the Effective Date. Within fifteen (15) days after Defendants fund the Gross Settlement Amount, the Settlement Administrator will pay to Participating Class Members, their Settlement Shares and their share of the PAGA award; to Plaintiffs, the Class Representative Service Payments; to Class Counsel, their Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment; to the LWDA, their LWDA Payment; and to the Settlement Administrator, the Settlement Administration Expenses.

14

10.  **Uncashed Settlement Share Checks.**  A Participating Class Member must cash his or her Settlement Share check within 180 days after it is mailed to him or her.  If a check is returned to the Settlement Administrator, the Settlement Administrator will make all reasonable efforts to re-mail it to the Participating Class Member at his or her correct address.  If a Participating Class Member's Settlement Share check is not cashed within 120 days after its last mailing to the Participating Class Member, the Settlement Administrator will send the Participating Class Member a notice informing him or her that unless the check is cashed in the next 60 days, it will expire and become non-negotiable, and offer to replace the check if it was lost or misplaced but not cashed.  If the check remains uncashed by the expiration of the 60 day period after this notice, the funds from such uncashed checks will be paid to a mutually agreeable alternative or the Controller of the State of California to be held pursuant to the Unclaimed Property Law, California Civil Code § 1500, *et seq.*, in the name of the Participating Class Member and the Participating Class Member will remain bound by the Settlement.  The Parties agree that this disposition results in no "unpaid residue" under California Civil Procedure Code § 384, as the entire Net Settlement Amount will be paid out to the Participating Class Members whether or not they cash their Settlement Share checks.

11.  **Final Report by Settlement Administrator to Court.**  Within ten days after final disbursement of all funds from the Gross Settlement Amount, the Settlement Administrator will serve on the Parties and file with the Court a declaration proving a final report on the disbursements of all funds from the Gross Settlement Amount.

F.  **Release of Claims**.

1.  **Participating Class Members.**  As of the date the Judgment becomes Final, Plaintiffs and the Participating Class Members fully and finally release and discharge Defendants and the other Released Parties from all claims and causes of action alleged in the Second Amended Complaint or any subsequent amended complaints or all claims and causes of action that could have been alleged based on the facts of the Second Amended Complaint or any subsequent amended complaints that occurred during the Class Period.  The Participating Class Members may hereafter discover facts or legal arguments in addition to or different from those they now know or currently believe to be true with respect to the claims, causes of action and legal theories of recovery in this Action.  Regardless, the discovery of new facts or legal arguments shall in no way limit the scope or definition of the Released Class Claims, defined below.  By virtue of this Settlement, the Participating Class Members shall be deemed to have, and by operation of the Judgment entered by the Court, shall have fully, finally and forever settled and released all of the Released Class Claims.  "Released Class Claims" are defined as all causes of action and factual or legal theories that were alleged in the operative complaint or reasonably could have been alleged based on the facts and legal theories contained in the operative

complaint, including all of the following claims for relief that occurred during the Class Period: (a) failure to pay all regular wages, minimum wages and overtime wages due; (b) failure to properly calculate the regular rate for overtime pay or meal period or rest period premium pay; (c) failure to provide proper meal periods, and to properly provide premium pay in lieu thereof; (d) failure to provide proper rest periods, and to properly provide premium pay in lieu thereof; (e) failure to provide complete, accurate or properly formatted wage statements; (f) waiting time penalties that could have been premised on the claims, causes of action or legal theories of relief described above or any of the claims, causes of action or legal theories of relief pleaded in the operative complaint; (g) unfair business practices that could have been premised on the claims, causes of action or legal theories of relief described above or any of the claims, causes of action or legal theories of relief pleaded in the operative complaint; (j) all claims under the California Labor Code Private Attorneys General Act of 2004 that could have been premised on the claims, causes of action or legal theories described above or any of the claims, causes of action or legal theories of relief pleaded in the operative complaint; (k) any other claims or penalties under the wage and hour laws pleaded in the Action; and (l) all damages, penalties, interest and other amounts recoverable under said claims, causes of action or legal theories of relief pleaded in the operative complaint. Defendants shall be entitled to a release of the Released Class Claims which occurred during the Class Period only during such time that the Class Member was classified as non-exempt. The Released Class Claims expressly exclude all other claims, including claims for vested benefits, wrongful termination, unemployment insurance, disability, social security, workers' compensation, claims while classified as exempt and claims outside of the Class Period.

2. **Plaintiffs**.  As of the date the Judgment becomes Final, Plaintiffs hereby fully and finally release Defendants and the other Released Parties from any and all claims, losses, debts, charges, damages, demands, obligations, causes of action, lawsuits, liabilities, breaches of duty, misfeasance, malfeasance, promises, controversies, contracts, judgments, awards, penalties, costs, and expenses of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any local, state, or federal statute, rule, regulation, ordinance or common law, including but not limited to those claims raised in the Action and/or that could have been raised in the Action, and those arising from or related to their work with Defendants ("Plaintiffs' Released Claims").  This release excludes only the release of claims not permitted by law.

3. **Plaintiffs' Waiver of Rights Under California Civil Code Section 1542.** As partial consideration for the Class Representative Service Payments, the Plaintiffs' Released Claims shall include all such claims, whether known or unknown by the releasing party.  Thus, even if Plaintiffs discovers facts and/or claims in addition to or different from those that they now know or

16

believe to be true with respect to the subject matter of the Plaintiffs' Released Claims, those claims will remain released and forever barred. Therefore, with respect to Plaintiffs' Released Claims, Plaintiffs expressly waive and relinquish the provisions, rights and benefits of section 1542 of the California Civil Code, which reads:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her would have materially affected his or her settlement with the debtor or releasing party.**

4. **Class Counsel**. As of the date the Judgment becomes Final, and except as otherwise provided by this Agreement and the Judgment, Class Counsel and any counsel associated with Class Counsel waive any claim to costs and attorneys' fees and expenses against Defendants arising from or related to the Action.

G. **No Effect on Other Benefits.** The Settlement Shares will not result in any additional benefit payments (such as 401(k) or bonus) beyond those provided by this Agreement to Plaintiffs or Participating Class Members, and Plaintiffs and Participating Class Members will be deemed to have waived all such claims, whether known or unknown by them, as part of their release of claims under this Agreement.

H. **Limitation on Public Statements About Settlement.** Plaintiffs and Class Counsel agree not to disclose or publicize the Settlement, including the fact of the Settlement, its terms or contents, and the negotiations underlying the Settlement, in any manner or form, directly or indirectly, to any person or entity except Class Members, as shall be contractually required to effectuate the terms of the Settlement. For the avoidance of doubt, this section means that Plaintiffs and Class Counsel agree not to issue press releases, communicate with, or respond to any media or publication entities, publish information in manner or form, whether printed or electronic on any medium or otherwise communicate, whether by print, video, recording or any other medium, with any person or entity concerning the Settlement, including the fact of the Settlement, its terms or contents and the negotiations underlying the Settlement, except as shall be contractually required to effectuate the terms of the Settlement. However, for the limited purpose of allowing Class Counsel to prove adequacy as class counsel in other actions, Class Counsel may disclose the name of the Parties in this Action and the venue/case number of this Action (but not any other settlement details) for such purposes. This provision shall not prohibit Class Counsel from communicating with Class Members after preliminary approval is granted for the sole purpose of administering the Settlement. This provision also does not limit Class Counsel from complying with ethical obligations or from posting court-filed documents on their website for viewing by Class Members.

I. Plaintiffs and Class Counsel are not currently aware of any (a) unalleged claims in addition to, or different from, those which are finally and forever settled and

released against the Released Parties by this Settlement; and (b) unalleged facts or legal theories upon which any claims or causes of action could be brought against Defendants, except such facts and theories specifically alleged in the Second Amended Complaint in this Action. Plaintiffs and Class Counsel further represent that, other than the instant Action, they have no current intention of asserting any other claims against Defendants in any judicial or administrative forum as of the date of the execution of this Settlement Agreement. Plaintiffs and Class Counsel further represent that they do not currently know of or represent any persons who have expressed any interest in pursuing litigation or seeking any recovery against Defendants.

J.    **Miscellaneous Terms**.

1.    **No Admission of Liability or Class Certification for Other Purposes**.

a.    Defendants and the Released Parties deny that they have engaged in any unlawful activity, have failed to comply with the law in any respect, have any liability to anyone under the claims asserted in the Action, or that but for the Settlement a class should be certified in the Action. This Agreement is entered into solely for the purpose of compromising highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Defendants or the Released Parties, or an admission by Plaintiffs that any of the claims were non-meritorious or any defense asserted by Defendants was meritorious. This Settlement and the fact that Plaintiffs and Defendants were willing to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with effectuating the Settlement pursuant to this Agreement).

b.    Whether or not the Judgment becomes Final, neither the Settlement, this Agreement, any document, statement, proceeding or conduct related to the Settlement or the Agreement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Plaintiffs or Defendants or any of the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

c.    This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings for the limited purpose of enforcing any or all terms of this

Agreement or defending any claims released or barred by this Agreement.

2.  **Integrated Agreement.**  After this Agreement is signed and delivered by all Parties and their counsel, this Agreement and its exhibits will constitute the entire agreement between the Parties relating to the Settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, covenants, and inducements expressly stated in this Agreement and its exhibits.

3.  **Attorney Authorization.**  Class Counsel and Defendants' Counsel warrant and represent that they are authorized by Plaintiffs and Defendants, respectively, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement including any amendments to this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties will seek the assistance of the mediator for resolution.

4.  **No Prior Assignments:** The Parties represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity and portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

5.  **No Tax Advice:**  Neither Class Counsel nor Defendants' Counsel intend anything contained in this Settlement to constitute advice regarding taxes or taxability, nor shall anything in this Settlement be relied upon as such within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended) or otherwise.

6.  **Modification of Agreement**.  Except as set forth in III.I.3 hereinabove  this Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their representatives.

7.  **Agreement Binding on Successors.**  This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties.

8.  **Applicable Law.**  All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of California.

9. **Cooperation in Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement.  This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

10. **Fair Settlement.**  The Parties and their respective counsel believe and warrant that this Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Agreement through arms-length negotiations, taking into account all relevant factors, current and potential.

11. **Use and Return of Documents and Data.**  All originals, copies, and summaries of documents and data provided to Class Counsel by Defendants in connection with the mediation or other settlement negotiations in this matter may be used only with respect to this Settlement, and no other purpose, and may not be used in any way that violates any existing contractual agreement, statute, or rule.  Within thirty days after the Judgment becomes Final, Class Counsel will return or destroy and confirm in writing to Defendants the destruction of all such documents and data.

12. **Headings.**  The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

13. **Notice.**  All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

*To Plaintiffs and the Class:*

Norman B. Blumenthal
Kyle R. Nordrehaug
Blumenthal, Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara
La Jolla, CA 92037
Tel.:  (858) 551-1223
Fax:  (858) 551-1232
E-Mail: norm@bamlawca.com
          kyle@bamlawca.com

*To Defendants:*

Evan R. Moses
Aaron H. Cole
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Tel: (213) 239-9800
Fax: (213) 239-9045

E-Mail: evan.moses@ogletreedeakins.com
aaron.cole@ogletreedeakins.com

14. **Execution in Counterparts.** This Agreement may be executed in one or more counterparts by facsimile, electronically or email which for purposes of this Agreement shall be accepted as an original. All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties will exchange between themselves signed counterparts. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

15. **Stay of Litigation.** The Parties agree that upon the signing of this Agreement by the Parties hereto the continuing litigation of the Action shall be stayed and the time to bring the Action to trial shall be extended pending the outcome of the settlement process.

16. **Continuing Jurisdiction.** The Court shall retain continuing jurisdiction over the Actions to ensure the continuing implementation of this Agreement.

## IV. EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel hereby execute this Agreement.

Dated: _May 8, 2019_, 2019          Melynda Singh

_Melynda Singh (May 8, 2019)_

Dated: _____, 2019          Narcisso Santor

Dated: _____, 2019          Anna Sibal

Dated: _____, 2019          Jay Sinson

21

E-Mail:  evan.moses@ogletreedeakins.com
         aaron.cole@ogletreedeakins.com

14.     **Execution in Counterparts.**  This Agreement may be executed in one or more counterparts by facsimile, electronically or email which for purposes of this Agreement shall be accepted as an original.  All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties will exchange between themselves signed counterparts.  Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

15.     **Stay of Litigation.**  The Parties agree that upon the signing of this Agreement by the Parties hereto the continuing litigation of the Action shall be stayed and the time to bring the Action to trial shall be extended pending the outcome of the settlement process.

16.     **Continuing Jurisdiction.** The Court shall retain continuing jurisdiction over the Actions to ensure the continuing implementation of this Agreement.

## IV.    EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel hereby execute this Agreement.

Dated: _____, 2019          Melynda Singh

                                _____

Dated: May 8, 2019 , 2019       Narcisso Santor

                                _____
                                Narciso santor jr (May 8, 2019)

Dated: _____, 2019          Anna Sibal

                                _____

Dated: _____, 2019          Jay Sinson

                                _____

E-Mail: evan.moses@ogletreedeakins.com
aaron.cole@ogletreedeakins.com

14. **Execution in Counterparts.** This Agreement may be executed in one or more counterparts by facsimile, electronically or email which for purposes of this Agreement shall be accepted as an original. All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties will exchange between themselves signed counterparts. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

15. **Stay of Litigation.** The Parties agree that upon the signing of this Agreement by the Parties hereto the continuing litigation of the Action shall be stayed and the time to bring the Action to trial shall be extended pending the outcome of the settlement process.

16. **Continuing Jurisdiction.** The Court shall retain continuing jurisdiction over the Actions to ensure the continuing implementation of this Agreement.

## IV. EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel hereby execute this Agreement.

Dated: _____, 2019        Melynda Singh

_____

Dated: _____, 2019        Narcisso Santor

_____

Dated: 05/08, 2019            Anna Sibal

_____

Dated: _____, 2019        Jay Sinson

_____

21

E-Mail: evan.moses@ogletreedeakins.com
aaron.cole@ogletreedeakins.com

14. **Execution in Counterparts.** This Agreement may be executed in one or more counterparts by facsimile, electronically or email which for purposes of this Agreement shall be accepted as an original. All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties will exchange between themselves signed counterparts. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

15. **Stay of Litigation.** The Parties agree that upon the signing of this Agreement by the Parties hereto the continuing litigation of the Action shall be stayed and the time to bring the Action to trial shall be extended pending the outcome of the settlement process.

16. **Continuing Jurisdiction.** The Court shall retain continuing jurisdiction over the Actions to ensure the continuing implementation of this Agreement.

## IV. EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel hereby execute this Agreement.

Dated: _____, 2019          Melynda Singh

                                 _____

Dated: _____, 2019          Narcisso Santor

                                 _____

Dated: _____, 2019          Anna Sibal

                                 _____

Dated: 5/16, 2019                Jay Sinson

                                 _____

21

Dated: __5/8__, 2019        Robert Tajanlangit

Dated: _____, 2019        Defendants.

By: _____

APPROVED AS TO FORM AND CONTENT:

Dated: __5/16__, 2019        BLUMENTHAL NORDREHAUG BHOWMIK
DE BLOUW LLP

By: _____
            Norman B. Blumenthal   Kyle Nordrehaug
            Attorneys for Plaintiffs

Dated: _____, 2019        OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

By: _____
            Evan R. Moses
            Attorneys for Defendants

Dated: _____, 2019          Robert Tajanlangit

_____

Dated: MAY 30, 2019            DEFENDANTS

                              By: _____
                              Name: JAVIER RODRIGUEZ
                              Title: CEO, DAVITA KIDNEYCARE


APPROVED AS TO FORM AND CONTENT:

Dated: _____, 2019          BLUMENTHAL NORDREHAUG BHOWMIK
                              DE BLOUW LLP


                              By: _____
                                   Norman B. Blumenthal
                                   Attorneys for Plaintiffs


Dated: June 3, 2019           OGLETREE, DEAKINS, NASH, SMOAK &
                              STEWART, P.C.


                              By: _____
                                   Evan R. Moses
                                   Attorneys for Defendants


22