# EXHIBIT 8

BLUMENTHAL NORDREHAUG BHOWMIK
DE BLOUW LLP
Norman B. Blumenthal (State Bar No. 068687)
norm@bamlawlj.com
Kyle R. Nordrehaug (State Bar No. 205975)
kyle@bamlawlj.com
2255 Calle Clara
La Jolla, California 92037
Telephone: (858) 551-1223/Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiffs

F I L E D
San Francisco County Superior Court

FEB 11 2020

CLERK OF THE COURT
BY: _____
            Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MELYNDA SINGH, NARCISSO SANTOR, ANNA SIBAL, JAY SINSON, AND ROBERT TAJANLANGIT, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOTAL RENAL CARE, INC., a California Corporation; and Does 1 through 50, Inclusive,<br><br>Defendants. | Case No. **CGC-16-550847**<br><br>[PROPOSED] FINAL APPROVAL ORDER<br><br>Hearing Date: February 11, 2020<br>Hearing Time: 9:30 a.m.<br><br>Judge: Hon. Ethan P. Schulman<br>Dept.: 302<br><br>Action Filed: March 8, 2016<br>Trial Date: None Set |

The motion for an order finally approving the Class Action Settlement Agreement ("Agreement") and the motion for an award of attorneys' fees, costs and service awards duly came on for hearing on February 11, 2020 before the above entitled Court. Blumenthal Nordrehaug Bhowmik De Blouw LLP appeared on behalf of Plaintiffs Melynda Singh, Narcisso Santor, Anna Sibal, Jay Sinson, and Robert Tajanlangit ("Plaintiffs"). Ogletree, Deakins, Nash,

FINAL APPROVAL ORDER

1

Smoak & Stewart, P.C. appeared as counsel for Defendants Total Renal Care, Inc., DVA Renal Healthcare, Inc., DaVita Inc., RTC-California, Continental Dialysis, Inc., DaVita NephMed of CA, Kidney Care RX, Inc., Knickerbocker Dialysis, Inc., Phys Dialysis Acquisitions, Renal Life Link, Inc., RMS LifeLink, Inc., RTC-Illinois, RTC-MidAtlantic, RTC-Southeast, RTC-West, Village Health DM, LLC, GDC Resources, LLC, and Patient Pathways ("Defendants"). The Court, having considered the papers submitted in support of the motions, **HEREBY ORDERS THE FOLLOWING**:

## I.

## FINDINGS

Based on the oral and written argument and evidence presented in connection with the motion, the Court makes the following findings:

1. All terms used herein shall have the same meaning as defined in the Class Action Settlement Agreement ("Agreement").

2. This Court has jurisdiction over the subject matter of this litigation pending in the California Superior Court for the County of San Francisco ("Court"), Case No. CGC-16-550847, entitled S*ingh, et al. v. Total Renal Care, Inc. et al.*, and over all Parties to this litigation, including the Class.

**Preliminary Approval of the Settlement**

3. On October 10, 2019, the Court granted preliminary approval of a class-wide settlement. At this same time the Court approved certification of a provisional settlement class for settlement purposes only. The Court hereby confirms this Order and finally approves the settlement and the certification of the Class.

**Notice to the Class**

4. In compliance with the Preliminary Approval Order, the Class Notice was mailed by first class mail to the Class Members at their last known addresses on or about November 7, 2019. Mailing of the Class Notice to their last known addresses was the best notice

FINAL APPROVAL ORDER

2

practicable under the circumstances and was reasonably calculated to communicate actual notice of the litigation and the proposed settlement to the members of the Class. The Court finds that the Class Notice provided fully satisfies the requirements of California Rules of Court, rule 3.769.

5. The deadline for opting out or for objecting in writing was December 23, 2019. There was an adequate interval between notice and deadline to permit Class Members to choose what to do and act on their decision. No Class Members appeared at the hearing to make oral objections. In total, 17 Class Members opted out, and no Class Members objected.

**Fairness of the Settlement**

6. The Settlement is entitled to a presumption of fairness. (*Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1801.)

   a. The Parties' settlement was reached through arm's-length bargaining between the parties. There has been no collusion between the parties in reaching the proposed settlement.

   b. The Parties' investigation and discovery have been sufficient to allow the court and counsel to act intelligently.

   c. Counsel for the Plaintiffs are experienced in similar employment class action litigation and have previously settled similar class claims on behalf of employees claiming wage and hour violations. All counsel recommended approval of the Settlement.

   d. The percentage of objectors and requests for exclusion is small. No objections were received. 17 requests for exclusion were received.

   e. The participation rate was high. 17,500 Class Members will be mailed a check for their Settlement Share, which represents 99.9% of the Class.

7. The Gross Settlement Amount to be paid by Defendants pursuant to the terms of the Agreement is Eight Million Dollars ($8,000,000). The consideration to be given to the Class Members under the terms of the Settlement is fair, reasonable and adequate considering the strengths and weaknesses of the claims asserted in this action and is fair, reasonable and

FINAL APPROVAL ORDER

3

adequate compensation for the Settlement of this action and release of the Released Class Claims, given the uncertainties and risks of the litigation and the delays which would ensue from continued prosecution of the action.

8. The Settlement is approved as fair, adequate and reasonable and in the best interests of the Class Members.

**Attorneys' Fees**

9. The Agreement provides for an award of up to one-third (1/3) of the Gross Settlement Amount to Class Counsel as attorneys' fees in this action, subject to the Court's approval. The Agreement also provides for an award of their actual litigation costs not to exceed $35,000. Class Counsel requests an award of $29,248.76 as reimbursement for litigation costs, and $2,666,666 for attorneys' fees.

10. An award of $2,666,666 for attorneys' fees and $29,248.76 for litigation costs is reasonable, in light of the contingent nature of Class Counsel's fee, the hours worked by Class Counsel, and the results achieved by Class Counsel. The requested attorneys' fee award represents one-third (1/3) of the common fund, which is reasonable and within the generally accepted range for fee awards in common fund cases.

**Service Awards**

11. The Agreement provides for a service award of up to $10,000 each as Class Representative Service Payments to the plaintiffs Melynda Singh, Narcisso Santor, Anna Sibal, Jay Sinson and Robert Tajanlangit. The amounts of these payments are reasonable in light of the risks and burdens undertaken by the Plaintiffs in the Action.

**Settlement Administration Expenses**

12. The Agreement provides for settlement administration expenses in an amount not to exceed $82,000. The Declaration of the Settlement Administrator provides that the actual settlement administration expenses were $82,000. The amount of this payment is reasonable in light of the work performed by the Settlement Administrator.

FINAL APPROVAL ORDER

4

## II.

## ORDERS

Based on the foregoing findings, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The certification of the Class is confirmed for the purposes of settlement only. The Class is hereby defined to include: "all individuals who are or previously were employed by one or more of the Defendants in California at any time during the Class Period and who were classified as non-exempt." The Class Period is March 8, 2012 through May 6, 2019.

2. Excluded from the Class are only those members of the Class who have submitted valid and timely requests for exclusion. There were 17 requests for exclusion and the list of these excluded Class Members is set forth on Exhibit B to the Declaration of Zachary Cooley submitted in support of the motion for final approval.

3. The Agreement is hereby approved as fair, reasonable, adequate, and in the best interest of the Class. In consideration for settlement and a release of all Released Class Claims, each Class Member who did not timely request exclusion ("Participating Class Member") will receive a Settlement Share from the Net Settlement Amount in accordance with the Agreement.

4. Class Counsel are awarded attorneys' fees in the amount of $2,666,666 and litigation costs in the amount of $29,248.76. Class Counsel shall not seek or obtain any other compensation or reimbursement from Defendants, Plaintiffs or members of the Class.

5. The payment of service awards to Plaintiffs in the amount of $10,000 each is approved. In addition, Plaintiff Singh is receiving $5,000 from the Gross Settlement Amount in consideration for the settlement of her individual claims for wrongful termination.

6. The payment of $82,000 to the Settlement Administrator for Administration Expenses is approved.

FINAL APPROVAL ORDER

5

1     7.     The PAGA payment of $100,000, to be allocated 25% allocated to Class Members as part of the Net Settlement Amount, and 75% to the Labor and Workforce Development Agency, is approved.

     8.     As of the date of this Final Approval Order, except as to such rights or claims that may be created by the Settlement, each and every "Released Class Claim" of each Participating Class Member is and shall be deemed to be conclusively released as against the Released Parties. The "Released Class Claims" are defined as all causes of action and factual or legal theories that were alleged in the operative complaint or reasonably could have been alleged based on the facts and legal theories contained in the operative complaint, including all of the following claims for relief that occurred during the Class Period: (a) failure to pay all regular wages, minimum wages and overtime wages due; (b) failure to properly calculate the regular rate for overtime pay or meal period or rest period premium pay; (c) failure to provide proper meal periods, and to properly provide premium pay in lieu thereof; (d) failure to provide proper rest periods, and to properly provide premium pay in lieu thereof; (e) failure to provide complete, accurate or properly formatted wage statements; (f) waiting time penalties that could have been premised on the claims, causes of action or legal theories of relief described above or any of the claims, causes of action or legal theories of relief pleaded in the operative complaint; (g) unfair business practices that could have been premised on the claims, causes of action or legal theories of relief described above or any of the claims, causes of action or legal theories of relief pleaded in the operative complaint; (j) all claims under the California Labor Code Private Attorneys General Act of 2004 that could have been premised on the claims, causes of action or legal theories described above or any of the claims, causes of action or legal theories of relief pleaded in the operative complaint; (k) any other claims or penalties under the wage and hour laws pleaded in the Action; and (l) all damages, penalties, interest and other amounts recoverable under said claims, causes of action or legal theories of relief pleaded in the operative complaint. Defendants shall be entitled to a release of the Released Class Claims which occurred during the Class Period only during such time that the Class Member was classified as non-exempt. The

FINAL APPROVAL ORDER

6

1  Released Class Claims expressly exclude all other claims, including claims for vested benefits,
2  wrongful termination, unemployment insurance, disability, social security, workers'
3  compensation, claims while classified as exempt and claims outside of the Class Period.
4         9.     The Agreement is not an admission by Defendants, nor is this Final
5  Approval Order a finding, of the validity of any claims in the Action or of any wrongdoing by
6  Defendants. Neither this Final Approval Order, the Judgment, the Agreement, nor any document
7  referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or
8  may be used as an admission by or against Defendants of any fault, wrongdoing or liability
9  whatsoever. The entering into or carrying out of the Agreement, and any negotiations or
10 proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of,
11 an admission or concession with regard to the denials or defenses by Defendants and shall not be
12 offered in evidence in any action or proceeding against Defendants in any court, administrative
13 agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this
14 Final Approval Order, the Judgment, the Agreement, or any related agreement or release.
15 Notwithstanding these restrictions, Defendants may file in the Action or in any other proceeding
16 this Final Approval Order, the Judgment, the Agreement, or any other papers and records on file
17 in the Action as evidence of the Settlement to support a defense of res judicata, collateral
18 estoppel, release, or other theory of claim or issue preclusion or similar defense as to the claims
19 being released by the Settlement.
20        10.    Notice of entry of this Final Approval Order and the Judgment shall be
21 given by Class Counsel on behalf of Plaintiffs and all Class Members. It shall not be necessary
22 to send notice of entry of this Final Approval Order and the Judgment to individual Class
23 Members. The Final Approval Order and the Judgment shall be posted on Class Counsel's
24 website as set forth in the Class Notice.
25        11.    If the Settlement does not become final and effective in accordance with
26 the terms of the Settlement, resulting in the return and/or retention of the Gross Settlement
27 Amount to Defendants consistent with the terms of the Settlement, then this Final Approval
28

FINAL APPROVAL ORDER

1  Order and the Judgment, and all orders entered in connection herewith shall be rendered null and
2  void and shall be vacated.
3  **IT IS SO ORDERED.**
4
5  Dated: Feb. 11, 2020
6
7  HON. ETHAN P. SCHULMAN
   JUDGE, SUPERIOR COURT OF CALIFORNIA

FINAL APPROVAL ORDER

8